UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN A. NERGER, not individually but solely as assignee for the benefit of creditors of CLARK PRODUCTS, INC. and CLARK FOODSERVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MIDWEST THEATRES CORPORATION d/b/a CINEMAGIC THEATRES and STEVE TRIPP, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 10 CV 02533-DWF-JJK |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

Plaintiff, Steven A. Nerger, not individually but solely as assignee for the benefit of creditors (the "Assignee") of Clark Foodservice, Inc., Clark Products, Inc. and their affiliated entities (collectively, "Clark"), by his undersigned attorneys, hereby submits this Memorandum of Law in support of his Motion to Dismiss the Affirmative Defenses of Defendants, Midwest Theatres Corp. d/b/a Cinemagic Theatres ("Cinemagic") and Steven L. Tripp ("Tripp" and together with Cinemagic, "Defendants") pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and in support thereof states as follows:

**INTRODUCTION**

The Assignee has been charged with the responsibility of collecting all amounts due and owing to Clark, and distributing the proceeds thereof to all of Clark's creditors in accordance with applicable law. In furtherance of the Assignee's duties, he filed the Complaint against the

Defendants on June 21, 2010, which seeks to recover over $130,000.00 due and owing to Clark on account of goods provided to Cinemagic.

The Defendants responded to the Complaint by asserting, *inter alia*, twelve Affirmative Defenses, each of which represents nothing more than a brief conclusion of law. The Assignee submits that each of the Affirmative Defenses must be dismissed because they fail to allege *any* facts in support of the asserted defenses. Further, the Defendants' twelfth Affirmative Defense – which asserts a purported reservation of rights – is not a proper defense and should therefore be stricken with prejudice.

## FACTUAL AND PROCEDURAL HISTORY

Clark was a distributor of packaging, janitorial and foodservice products. Clark and Cinemagic entered into an agreement (the "Agreement") pursuant to which Clark agreed to sell to Cinemagic and Cinemagic agreed to pay Clark for certain food, beverage and related products. Trip executed a guarantee (the "Guarantee") pursuant to which he guaranteed payment of all indebtedness, liabilities or obligations of Cinemagic to Clark.

In recent years, Clark's business experienced significant losses, which ultimately resulted in the need for Clark to cease operations in early 2010. On March 16, 2010, Clark executed an assignment for the benefit of creditors (the "Assignment"), assigning all property of Clark to the Assignee to hold in trust for the benefit of Clark's creditors.

On June 21, 2010, the Assignee commenced the above-referenced matter by filing a Complaint against the Defendants. Count I of the Complaint asserts a breach of contract cause of action against Cinemagic for failing to pay amounts due and owing to Clark under the parties' Agreement. Count II asserts a breach of contract cause of action against Tripp, based upon the Guarantee, for his failure to pay Clark for all amounts due from Cinemagic.

2

On July 22, 2010, Defendants filed their Answer, Affirmative Defenses and Counterclaims. The Defendants Affirmative Defenses are as follows: (i) failure to state a claim; (ii) estoppel, waiver, laches and/or unclean ands; (iii) Plaintiff's damages were caused by its own acts or omissions and/or the acts or omissions of third parties over whom Defendants had no control; (iv) statute of limitations; (v) Minn. Stat. Section 336.2-201 (the UCC Statute of Frauds); (vi) the Guarantee is stale; (vii) Plaintiff failed to provide products to Cinemagic at no more than 10% above wholesale prices; (viii) setoff; (ix) recoupment; (x) failure to mitigate; (xi) fraud in the inducement and ongoing misrepresentation; and (xii) reservation of rights and incorporation of all affirmative defenses available under Rule 8 of the Federal Rules of Civil Procedure.

## DISCUSSION

**I.   All of the Affirmative Defenses Fail to Allege Sufficient Facts to Support the Affirmative Defenses.**

To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *EEOC v. Hibbing Taconite Co.*, 266 F.R.D. 260, 267 (D. Minn. 2009). A complaint does not need detailed factual allegations. *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 555 (2007). However, it must provide the grounds supporting the parties' entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Conclusory allegations are not entitled to a presumption of truth. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009).

This District has found that the pleading standard established in *Twombly* applies to evaluating the sufficiency of a defendant's affirmative defenses. *See Hibbing Taconite Co.,* 266 F.R.D. at 268. "[t]he defendant [is required] to plead an adequate factual basis for affirmative defenses, where the basis is not apparent by the defense's bare assertion." *Id*.

Defendant's twelve Affirmative Defenses are nothing more than one or two sentence conclusions of law. Indeed, the defenses are essentially devoid of any statements of fact whatsoever. "This method of pleading defenses is unacceptable and indeed was unacceptable well before *Iqbal* and *Twombly*." *In re Mission Bay Ski & Bike, Inc.*, 2009 WL 2913438 *6 (Bankr. N.D. Ill. Sept. 9, 2009) (striking one sentence conclusory affirmative defenses); *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 651-52 (D. Kan. 2009) ("These defenses are too conclusory to give Plaintiffs fair notice of the grounds upon which they rest."). Because the Affirmative Defenses contain no facts to give the Plaintiff fair notice of the factual bases for such defenses, the Plaintiff respectfully requests that this Court strike all twelve Affirmative Defenses.

**II.     The Twelfth Affirmative Defense – A Reservation of Rights and Incorporation of All Possible Affirmative Defenses Contemplated Under Rule 8  - Is Not an Affirmative Defense.**

An affirmative defense is one in which the defendant accepts, rather than contradicts the plaintiff's allegations. *Minnesota Supply Co. v. Raymond Corp.,* 2003 WL 1700916 *2 (D. Minn. Mar. 21, 2003). If established, an affirmative defense requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence. *Florida Business Brokers Ass'n, Inc. v. Williams,* 2009 WL 3028311 *1 (M.D. Fla. Sept. 17, 2009).

A reservation of rights to bring additional defenses at a later date is not a proper affirmative defense. *Id.*; *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233 *4 (S.D. Fla. July 31, 2009); *Reis Robotics USA, Inc. v. Concept Industries, Inc.,* 462 F.Supp.2d 897, 907 (N.D. Ill. 2006); *U.S. v. Global Mortgage Funding, Inc.*, 2008 WL 5264986 *5 (C.D. Cal. May 15, 2008); *County Vanlines Inc. v. Experian Information Solutions, Inc.*, 205 F.R.D. 148, 157-58 (S.D.N.Y. 2002). As such, Plaintiff requests that the "reservation of rights" Affirmative Defense be stricken with prejudice.

**CONCLUSION**

Each of the Defendants' twelve Affirmative Defenses are bald conclusions of law, which are completely devoid of any factual support. Additionally, Defendant's twelfth Affirmative Defenses – a purported reservation of rights – is not a proper affirmative defense. Accordingly, the Plaintiff requests that all of the Defendants' Affirmative Defenses be stricken.

Respectfully submitted,

**STEVEN A. NERGER, SOLELY AS ASSIGNEE FOR THE BENEFIT OF CREDITORS OF CLARK PRODUCTS, INC.**

By: */s/ Matthew B. Millis*
      One of His Attorneys

Dated: September 17, 2010

S. Jamal Faleel (#320626)
Matthew B. Millis (#386904)
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

David C. Gustman*
Devon J. Eggert
FREEBORN & PETERS LLP
311 S. Wacker Drive
Suite 3000
Chicago, Illinois  60606
Telephone:  (312) 360-6000
Facsimile: (312) 360-6571

*Admitted pro hac vice*

4804530_1.DOC